## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
BERTIN N. NOUTCHANG,                    )
 A29 696 111                            )
                                        )
                Petitioner,             )        NO.
                                        )
        V.                              )
                                        )
                                        )
 Richard Caterisano, District Director, )
U.S. Citizenship and Immigration Services; )
                                        )
Michael Chertoff, Secretary,            )
Department of Homeland Security; and    )
                                        )
Alberto R. Garcia, Attorney General     )
of the United States,                   )
                                        )
                Respondents             )
                                        )
_____ )

## COMPLAINT
## FOR JUDICIAL REVIEW OF ADMINISTRATIVE ORDER

### JURISDICTION AND VENUE

1.      This action arises under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq.,* and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 *et seq.*

2.      Venue lies in the United States District Court for the  District of Columbia, the judicial district in which Secretary of the Department of Homeland Security, governing agency of respondent U.S. Citizenship and Immigration Services,  and the Attorney General of the United States reside. 28 U.S.C. §1391(e).

### STATEMENT OF FACTS

Petitioner, Bertin N. Noutchang, petitions the court for a review of the adverse decision of respondent, U.S. Citizenship and Immigration Services on petitioner's application to respondent for naturalization, as provided in Title 8 Code of Federal Regulations section 336.9.  Petitioner has exhausted those administrative remedies available to the applicant under 8 United States Code section 1447 and alleges as follows:

3.      On May 2, 1998 the petitioner filed an application for naturalization with the respondent Citizenship and Immigration Service, which was denied on July 14, 1999.  The respondent, U.S.

Citizenship and Immigration Service determined that the petitioner lacked good moral character as he failed to disclose an arrest for a domestic altercation on January 7, 1996, which resulted in a charge of battery. The respondent further determined that such failure to disclose constituted false testimony in order to obtain an immigration benefit. The petitioner timely filed a Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act (N-336 hearing). Petitioner was interviewed by an Immigration Officer on November 12, 1999. At the hearing, the petitioner argued that he was never prosecuted or convicted as a result of the domestic altercation and the failure to disclose was a misunderstanding of the question, harmless error and immaterial. However, on January 3, 2000, the reviewing officer affirmed the initial denial.

4. On March 1, 2004 Mr. Noutchang reapplied for naturalization and acknowledged in his application that he was arrested for a domestic altercation in 1996. He was interview on July 27, 2004 and again the petitioner's application for naturalization was denied. The respondent, U.S. Citizenship and Immigration Services, in its October 14, 2004 decision, determined that Mr. Noutchang lacked good moral character because he failed to disclose that he gave false and misleading information to a U.S. government official on his prior naturalization application filed May 2, 1998, when he omitted the 1996 arrest. The respondent also indicated that Mr. Noutchang was barred from naturalization as he was ineligible to reapply for naturalization until July 14, 2004 and the March 1, 2004 application for naturalization was filed prior to his eligibility date. The petitioner timely filed a Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act. Petitioner was interviewed by an Immigration Officer on January 31, 2005. At the hearing, the petitioner argued that a misunderstanding is insufficient to deny citizenship for lack of good moral character and there must be a subjective intent to deceive. The petitioner further argued that the respondent, U.S. Citizenship and Immigration Services had waived the bar when they failed to reject the March 1, 2004 application, scheduled Mr. Noutchang for hearing on July 27, 2004, and also set the case for an N-336 hearing. On November 21, 2005, the Immigration Officer affirmed the denial of the March 1, 2004 application.

5. Relief is sought on the ground that respondent's adverse decision is inequitable, an abuse of discretion, and based on errors of law. It is well established through case law that a denial of citizenship based on false or misleading testimony under INA §§ 101(f)(6), 316(a) and 8 U.S.C. § 1101(f)(6) must be accompanied by a subjective intent to deceive for the purpose of obtaining citizenship or other benefits. In Kungys v. United States, 485 US 759, 99 L. Ed 839, 108 s. Ct 1537, the Supreme Court

opined that a lack of good moral character appears whenever there is a subjective intent to deceive, The <u>Kungys</u> Court indicated that only falsity in an effort to lie or deceive is grounds to deny citizenship for lack of good moral character.  Basically, false testimony due to a misunderstanding or incorrect advice is insufficient to deny citizenship for lack of good moral character.  There must be an intent to deceive the examination officer in order to gain citizenship.  Furthermore, the respondent never informed Mr. Noutchang that he was barred from reapplying for naturalization until July 14, 2004.  The respondent's denial letter dated January 3, 2000 never mentioned that the petitioner was not eligible to reapply for naturalization until July 14, 2004.  The fact that the respondent failed to reject the application and entertained the application with two hearings effectively waives any bar from reapplying for naturalization.

**WHEREFORE,** petitioner requests:

1.  Review and reversal of respondent's findings of fact and order denying petitioners eligibility for naturalization on the grounds that he lacks good moral character and was ineligible to apply for naturalization.

2.  A declaration that respondent effectively waived any bar causing the petitioner to be ineligible to apply for naturalization prior to July 14, 2004 and that petitioner did not provide false and misleading testimony on his March 1, 2004 or during the July 27, 2004 interview, and that therefore the petitioner was eligible for naturalization, which should have been granted under petitioners application, pursuant to INA § 335.

3.  Such other and further relief as the court deems just and proper.

Dated: _____

Law Office of Richard A. Samad
D.C. Bar No.  462384
503 D Street, NW Suite 200
Washington, D.C.  20001

By: _____

Counsel for Petitioner Bertin N. Noutchang

## CERTIFICATE OF SERVICE

  This is to certify that I have this day served the following individuals in the foregoing matter with one copy of the foregoing **COMPLAINT FOR JUDICIAL FOR REVIEW OF ADMINISTRATIVE ORDER** by having mailed a copy of same as follows:

Office of the Chief Counsel
Immigration and Customs Enforcement
Fallon Federal Building
31 Hopkins Plaza
Baltimore, MD 21201

Office of Attorney General
District of Columbia
441 4th Street NW
Washington, DC 20001

William J. Howard
Principle Legal Advisor
425 I Street, NW
Washington, DC 20536

Alberto R. Gonzales
Attorney General of the United States
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

This _____ day of _____, _____.


_____
Richard A. Samad
District of Columbia  Bar No.  462384