## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERTIN N. NOUTCHANG,** ) | |
| **A29 696 111** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-0521 (RJL)** |
| ) | |
| **RICHARD CATERISANO, District Director** ) | |
| **U.S. Citizenship & Immigration Services,** *et al.* ) | |
| ) | |
| **Respondent.** ) | |

## MOTION TO DISMISS & SUPPORTING MEMORANDUM

The Respondents, through counsel, the United States Attorney for the District of Columbia, respectfully move to dismiss this case pursuant to Rules 12(b)(1), (5) and (6) and Rule 41(b). Petitioner has failed to perfect service of process, despite ample warning via *sua sponte* Order of this Court. Further, Petitioner's complaint for judicial review of the denial of his application for naturalization rests on a questionable legal foundation and thus is without merit.

## PROCEDURAL BACKGROUND

On March 20, 2006, Petitioner Bertin N. Noutchang, through counsel, filed the Complaint in this case. (Dkt. No. 1.) Petitioner advanced this action under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 *et seq.* Compl. at 1. Petitioner, Bertin N. Noutchang, petitioned this Court for a review of the adverse decision of Respondent, U.S. Citizenship and Immigration Services, on Petitioner's application to Respondent for naturalization, as provided in Title 8 Code of Federal Regulations section 336.9. Id. In relief, Petitioner first sought review and reversal of Respondents' findings of fact and order denying Petitioner's eligibility for naturalization on the grounds that he lacks good moral character

and was ineligible to apply for naturalization.  Secondly, Petitioner sought a declaration that Respondents effectively had waived any bar causing Petitioner to be ineligible to apply for naturalization prior to July 14, 2004, that Petitioner did not provide false and misleading testimony on his March 1, 2004 application or during the July 27, 2004 interview, and that, therefore, Petitioner was eligible for and should have been granted naturalization pursuant to INA § 335.  Id. at 4.

Except for filing a Motion for Leave to Appear *Pro Hac Vice* (dkt. no. 2) and a Notice of Apperance by Petitioner's counsel (Regina Y. Kane, Esq.) (dkt. no. 4), it appears that Petitioner filed nothing from March 20, 2006 (date of the filing of the Complaint) until the middle of October 2006.  On October 16, 2006, the Court signed a Minute Order to Show Cause.  (Dkt., date 10/16/06.)  By this order, the Court, required Petitioner to show cause why this action should not be dismissed for lack of prosecution under Local Rule 83.23.  Id.  Petitioner was required to file his  Response to the Show Cause Order by October 30, 2006.  Id.

On October 18, 2006, Petitioner filed a response to the show cause order.  (Dkt. No. 5.)  In his response, Petitioner indicated that "an oversight ha[d] resulted in the delay in prosecution" of this case.  Petitioner's Response to Show Cause Order ("Pet. Resp. Show Cause)  at 1.  When Petitioner's counsel contacted the Clerk of Court to inquire as to why the case had not moved forward, the Clerk informed her that a proper summons had not be filed with the Court.  Id.  Petitioner's counsel apologized for the oversight and the "delay that it  ha[d ]caused the Court."  Id.  Petitioner stated that "the appropriate summonses had been prepared and will be filed on 20 October 2006."  Id.  Petitoner requested that this case not be dismissed.  Id.

On October 24, 2006, four summons were issued as to Director Richard Caterisano, Secretary Michael Chertoff, U.S. Attorney General Alberto Gonzalez, and U.S Attorney. (Dkt. date 10/24/06.)

According to Petitioner's representations, summons were served on the U.S. Attorney General, District Director of U.S. Citizenship and Immigration Services, and on the Secretary of Homeland Security. (Dkt. Nos. 6, 7, & 8 respectively.) Petitioner mailed the Summons and Complaint by certified mail on November 14, 2006. See Affidavits of Service on U.S. Attorney General, District Director of U.S. Citizenship and Immigration Services, and Secretary of Homeland Security (Dkt. Nos. 6,7, & 8, respectively.) The former summons was served by certified mail on November 17, 2006, while the latter two were served by certified mail on November 16, 2006. (Dkt. Nos. 6, 7, & 8 respectively.) The Returns of Service consisting of an Affidavit of Service by Counsel for the Petitioner and accompanying certified mail card for these three summons were all entered on the Electronic Filing System on December 18, 2006. Id. No indication exists on the record that a summons has been served on the U.S. Attorney. Moreover, as reflected in the attached declaration, the Civil Division for the U.S. Attorney's Office has not received service in this case.

## ARGUMENT

### I.    Insufficient Service.

Rule 4(m) requires Petitioner to effect service of the summons and complaint within 120 days. Failing that, the Court may order dismissal or grant Petitioner more time to effect service, but this Court generally requires a plaintiff to "show[] good cause for the failure" to serve in a timely manner in order to justify any additional time for service. See, e.g., Shelton v. England, No. 04-1292 (RBW), 2005 WL 3273554 *2 (Aug. 3, 2005); TIG Ins. Co. v. 2200 M Street, LLC, 216 F.R.D. 2, 3 (D.D.C. 2003).

While Rule 4(m) sets the deadline for effecting service, Rule 4(i) proscribes *how* to effect service on federal agencies and Rule 4(i) plainly requires service upon: (1) the U.S. Attorney's

Office, (2) the Attorney General, and (3) the federal agency (or official) sued. <u>See</u> Fed. R. Civ. P. 4(i)(1) & (2)(A). Failure to serve the federal agency may result in dismissal, even where plaintiff appears *pro se*. <u>See</u> <u>Gardner v. United States</u>, No. 02-1088 (HHK), 2003 U.S. Dist. LEXIS 11583 (June 3, 2003) (dismissing for failure to serve agency, where *pro se* plaintiff had served Attorney General and U.S. Attorney's Office); <u>Briggs v. State Dep't Fed. Credit Union</u>, No. 05-1344 (GK), 2006 WL 1444009 (May 25, 2006).

Here, Petitioner has failed to serve the U.S. Attorney. <u>See</u> Ex. VanHorn Decl. Nor has Petitioner explained this failure. Indeed, the record is devoid of any explanation of good cause for either the initial failure to serve within 120 days or the subsequent failure to comply with his self-imposed deadline of October 20, 2006. The latter failure occurred despite Petitioner being both represented by counsel and warned by the *sua sponte* Order.

"Good cause" does not include simply not knowing the rules. <u>See</u> <u>Shaw v. District of Columbia</u>, No. 05-1284 (CKK), 2006 WL 1371681 (May 15, 2006) ("However, inadvertence or negligence on the part of plaintiff's attorney and the attorney's clerical employees does not constitute good cause, nor does a defendant's actual notice of the complaint or a lack of prejudice to defendant constitute good cause."); <u>accord</u> <u>Gardner</u> (involving *pro se* plaintiff); <u>Byrd v. District of Columbia</u>, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Even if ignorance of the rule were an excuse, here Petitioner has an attorney representing him, and this attorney should be sufficiently experienced in federal court litigation to be familiar with Rule 4.

Admittedly, it is true that Rule 4(i)(3) provides that the Court shall allow a reasonable time for a plaintiff to cure a defect in service based on Rule 4(i) if plaintiff has served the U.S. Attorney's Office or the Attorney General. Here, although Petitioner has served the Attorney General, he has

failed to serve the U.S. Attorney, and, by not immediately dismissing the case, the Court has already accorded Petitioner extra time, approaching five months beyond the 120-day deadline.

In light of the facts that: (1) the Court warned Petitioner's counsel, (2) counsel appears experienced in federal court litigation,[1] (3) the Clerk of the Court properly issued three summons, including one to the U.S. Attorney, and (4) the record itself shows that Petitioner's counsel was clearly aware of the need to serve the U.S. Attorney, there does not appear to be any reason to excuse Petitioner's failure to do so. While courts traditionally have been reluctant to burden litigants with the lesser known failings of their counsel, here the length of time it has taken Petitioner's Counsel to initiate this lawsuit should have come to Petitioner's attention and minimally compelled Petitioner to demand an explanation. Accordingly, Respondent respectfully requests dismissal pursuant to Rule 41(b), given Petitioner's failure to comply with his own self-imposed deadline of October 20, 2006, for perfecting service.

## II.    The Complaint Rests on a Questionable Premise

Petitioner seeks relief from the denial of his application for naturalization based on a determination that he lacked good moral character. This latter finding resulted from his failure to disclose an arrest, compl. at ¶ 3, in his first application and a failure to disclose the grounds for the denial of his first application in his re-application, id. at ¶ 4. Petitioner contends in the Complaint that a finding of "false or misleading testimony" must involve a "subjective intent to deceive for the purpose of obtaining citizenship or other benefits." Id. at ¶ 5, citing Kungys v. United States, 485 U.S. 759 (1988). Petitioner also maintains that "[t]he fact that the respondent failed to reject the

---

[1] A search for the name of Counsel for the Petitioner within this Court's Electronic Court Filing system reveals that, including this case, Counsel for the Petitioner has 23 cases listed, eleven closed and twelve open.

application and entertained the application with two hearings effectively waives any bar from reapplying for naturalization." Id. Petitioner cites no additional authority for these propositions on which his claim rests.

A cursory assessment of Petitioner's claim leads readily to the conclusion that it has a minimal likelihood of success on the merits. Petitioner's attempts to suggest that his omission of arrest information from his application for naturalization was but an innocent oversight, as was the omission of the grounds for the denial of the first application from his re-application. He further contends that the examiner's contrary conclusion was unreasonable. Case authority, however, seems to favor the examiner here. See Stevens v. United States, 190 F.2d 880 (7th Cir. 1951) (A false statement about arrest information knowingly made by a petitioner for naturalization in the course of such proceedings affords a proper basis for denying the petition, and it is immaterial that the false statement knowingly made concerned violations which occurred more than five years prior to filing of petition); United States v. Lumantes, 139 F.Supp. 574, 575 (N.D.Cal. 1955), aff'd on appeal, 232 F.2d 216 (9th Cir. 1956) (False answers of applicant for naturalization, whereby he concealed fact that he was married, were material, though marital status would not have precluded naturalization, since they closed avenue of inquiry regarding his character, and hence were grounds for denaturalization). See also, Opere v. U.S. I.N.S., 267 F.3d 10 (1st Cir. 2001) ("[Section 101(f)(6)] 'denominates a person to be of bad moral character on account of having told even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits.' "), quoting Kungys, 485 U.S. at 779-80.

## **CONCLUSION**

WHEREFORE, Respondent submits that this motion to dismiss should be granted.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **20th** day of **December, 2006,** I caused the foregoing Motion to

Dismiss to be served on Petitioner's counsel , **Richard A. Samad**, by the Electronic Case Filing

system or, if this means fails, then by mail, postage prepaid, addressed as follows:

Richard A. Samad, Esquire
503 D Street, N.W., Suite 200
Washington, D.C.  20001

 

_____/s/_____
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739

8