UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
BERTIN N. NOUTCHANG,                        )
 A29 696 111                                )
                                            )
            Plaintiff,                      )    Civil Case No.  06-cv-521
                                            )
                                            )
                                            )
                                            )
 Richard Caterisano, District Director,     )
 U.S. Citizenship and Immigration Services, et al.; )
                                            )
            Defendant.                      )
                                            )
_____         )


**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

  Comes now, Bertin N. Noutchang, the Plaintiff, by and through his counsel, Regina Y. Kane, objects to Defendants' motion to dismiss and respectfully moves this Court to deny the Defendants' motion pursuant to Rule 4(i)(3) and (m).  Counsel earnestly believed proper service had been made and has since cured any defect in service.  Additionally, pursuant to 8 U.S.C. § 1421(c) the plaintiff is entitled to a *de novo* review of the administrative denial before the U.S. District Court.

  1. The Defendants argue that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(5).  Counsel hereby states that, in response to the Court's Minute Order to Show Cause (Dkt., date 10/16/06) and on 20 October 2006, the undersigned counsel appeared before the Clerk of the Court and  filed four summons in the above captioned matter.  The summons were mailed to the corresponding parties by certified mail,  return receipt on 14 November 2006.  The U.S. Attorney's office received a copy of their summons and complaint on 22 November 2006. (Dkt. No. 10).  Any defect in service has been cured and service was perfected prior to the Defendants filing the motion to dismiss.

  2. The Defendants further argue that the Plaintiff's claim should be dismissed pursuant to Rules 12(b)(1) and (6).  Section 1421(c) of Title 8 United States Code provides for *de novo* review of administrative denial of a naturalization petition by this Court.  It provides:

**A person whose application for naturalization under this title is denied, after a hearing**

**before an immigration officer . . . may seek review of such denial before the United States district court . . . . Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.**

Furthermore, in deciding a motion to dismiss for failure to state a claim, the factual allegations of the complaint are accepted as true, all reasonable inferences therefrom are drawn in the plaintiff's favor, and the court must determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory. Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).

In his complaint before this court, Mr. Noutchang asserts that on May 2, 1998 he filed an application for naturalization with defendants, which was denied on the basis that he lacked good moral character by providing false testimony when he failed to disclose an arrest that occurred in 1996. Mr. Noutchang reapplied for naturalization in March 2004. On the second application, he disclosed the 1996 arrest, but was again denied on the grounds that he lacked good moral character when he failed to acknowledge that he gave false testimony to an immigration officer on his prior application. Mr. Noutchang never understand his innocent omission of the 1996 arrest to be an act of deception or false testimony. In both instances, Mr. Noutchang argued a misunderstanding of the questions presented. An applicant who makes an untrue statement based on an honest misunderstanding of the question does not, by itself, establish that the an applicant has given false testimony. Kungya v. United States, 485 U.S. 759, 780 (1988). There must be a subjective intent to deceive for the purpose of obtaining an immigration benefit. Plewa v. Immigration and Naturalization Service, 77 F. Supp 2d 905, 910 (N.D. Ill. 1999).

For all the foregoing reasons, the Plaintiff respectfully request the defendants' motion be denied.

Dated : January 3, 2007

_____
Regina Y. Kane
Law Office of Regina Y. Kane
1717 K Street, NW Suite 600
Washington, D.C. 20036
202 349-3971 Office
District of Columbia Bar No. 486128

CERTITICATE OF SERVICE

      I, Regina Y. Kane, certify that on this 3rd day of January, 2007, I caused the foregoing Plaintiff's Opposition to Defendants' Motion to be served on the Defendants' counsel, Jeffrey A Taylor, by the Electronic Case Filing System and by mail, postage prepaid, addressed as follows:

Jeffrey A. Taylor  
United States Attorney  
555 Fourth Street, N.W.  
Washington, D.C.  20530

                                                    _____  
                                                    Regina Y. Kane  
                                                    Law Office of Regina Y. Kane  
                                                    1717 K Street, NW Suite 600  
                                                    Washington, D.C.  20036  
                                                    202 349-3971 Office  
                                                    District of Columbia Bar No. 486128