UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| BERTIN N. NOUTCHANG ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:06-521 (RJL) |
| ) | |
| RICHARD CATERISANO, *et al.* ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION
(January 31, 2007) [#9]

On March 20, 2006, Petitioner Bertin N. Noutchang brought this case seeking a review of the adverse decision by respondent U.S. Citizenship and Immigration Services on his application for naturalization pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Currently before this Court is respondents' Motion to Dismiss petitioner's complaint for insufficient service and failure to state a claim upon which relief can be granted.

On October 16, 2006, this Court ordered petitioner to show cause as to why this case should not be dismissed because it appeared from the record that no parties had been served. Petitioner responded on October 18, 2006 and stated that "an oversight ha[d] resulted in the delay of prosecution," and represented that "the appropriate summonses have been prepared and will be filed on 20 October 2006." (Resp. Show Cause at 1.) Four summonses were then issued by the Clerk of this Court to Director Richard Caterisano, Secretary Michael Chertoff, U.S. Attorney General Alberto Gonzalez, and the U.S. Attorney. (Dkt. Oct. 24, 2006.)

Service by certified mail was completed on November 16, 2006 and November 17, 2006 upon the U.S. Attorney General, District Director of U.S. Citizenship and Immigration Services, and the Secretary of Homeland Security. (Dkt. Nos. 6, 7, and 8.) However, the record contains no indication that service has been effected upon the U.S. Attorney. In fact, the affidavit entered by petitioner's counsel on January 3, 2007 states that service was effected upon the *Attorney General* of the District of Columbia, and the U.S. Postal Service return of service card submitted as an exhibit indicates that the mailing was addressed to the Attorney General of the District of Columbia, and *not* the U.S. Attorney. The Declaration of Daniel VanHorn, the Deputy Chief of the Civil Division of the Office of the U.S. Attorney for the District of Columbia, further confirms that the mailing was not received by that office.

Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Moreover, Rule 4(i) plainly requires that to effect service upon the United States, a copy of the summons and complaint must be served upon: (1) the United States attorney for the district in which the action is brought; (2) the U.S. Attorney General; and (3) the federal agency or official sued. Fed. R. Civ. P. 4(i).

Failure to serve one of those parties may result in dismissal. *See, e.g., Gardner v. United States*, No. 02-1088 (HHK), 2003 U.S. Dist. LEXIS 11583 (June 3, 2003) (dismissing case for failure to serve federal agency, where plaintiff had served Attorney General and U.S. Attorney). In this case, petitioner has failed to serve the U.S. Attorney within 120 days after the filing of the complaint. Accordingly, there being no good cause shown for this failure, defendants' Motion to Dismiss is GRANTED. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge